UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOHN OTROMPKE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     vs. | )   Cause No. 2:14-CV-296-RLM-JEM |
| | ) |
| BRADLEY SKOLNIK, Executive Director of the Indiana State Board of Law Examiners, and GREG ZOELLER, Indiana Attorney General, | ) |
| | ) |
|     Defendants. | ) |

## OPINION and ORDER

Plaintiff John Otrompke has filed a pro se motion for reconsideration of the court's July 21 order dismissing his complaint. (Doc. No. 22). Mr. Otrompke, a law school graduate, filed this suit seeking a declaration that Rule 12 of the Indiana Supreme Court Rules for Admission to the Bar and the Discipline of Attorneys is unconstitutional. Rule 12 requires that a bar applicant undergo a character and fitness evaluation, and Mr. Otrompke claims that this evaluation process violates various constitutional provisions. He also made claims on behalf of his "predecessor" Mr. Brown, who allegedly failed the state bar's character and fitness evaluation process due to what Mr. Otrompke believes was religiously motivated discrimination.

The court dismissed the complaint for lack of standing, reasoning that because Mr. Otrompke has never applied to practice law in Indiana, the

constitutional harm he complained of was purely hypothetical – *if* he applied someday, he *might* fail the character and fitness examination despite *possibly* satisfying the many other requirements for admission. The court also rejected the claims relating to Mr. Brown, holding that Mr. Otrompke did not have standing to assert the legal rights of an unrelated third party.

Mr. Otrompke purports to bring his motion for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b)(1). Rule 60(b)(1), however, provides that a court may relieve a party from final judgment for reasons of "mistake, inadvertence, surprise, or excusable neglect." Mr. Otrompke does not allege any of these factors, instead arguing only that the court made factual and legal errors in dismissing his complaint. The court therefore construes his motion for reconsideration as brought under Rule 59(e) only, not under Rule 60. *See* Borrero v. City of Chicago, 456 F.3d 698, 699 (7th Cir. 2006) (holding that a motion such as Mr. Otrompke's "is deemed filed under Rule 59(e) even if, as in this case, the motion is not labeled a Rule 59(e) motion and, again as in this case, does not say 'alter or amend' (the language of Rule 59(e)), but instead uses a synonym, such as 'vacate' or 'reconsider.'").

Under Rule 59(e), a party may move to alter or amend a judgment within 28 days after judgment was entered. Motions for reconsideration under this rule "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1269 (7th Cir. 1996) (quoting Keene Corp. v. Int'l Fidelity Ins.

Co., 561 F. Supp. 656, 665 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)); see also Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008) (holding that Rule 59(e) "allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence."); LB Credit Corp. v. Resolution Trust Corp., 49 F.3d 1263, 1267 (7th Cir. 1995) ("[A] Rule 59(e) motion must clearly establish either a manifest error of law or fact or must present newly discovered evidence.") (internal quotations omitted). Mr. Otrompke doesn't offer any new evidence, so to warrant relief under Rule 59(e) his motion must identify manifest errors of law or fact.

A manifest error of law or fact under this standard occurs when a district court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990). The party asserting such an error bears a heavy burden, and motions for reconsideration "are not at the disposal of parties who want to 'rehash' old arguments." Zurich Capital Mkts., Inc. v. Coglianese, 383 F. Supp. 2d 1041, 1045 (N.D. Ill. 2005); see also Sigsworth v. City of Aurora, 487 F.3d 506, 512 (7th Cir. 2007) (noting that "it is well-settled that a Rule 59(e) motion is not properly utilized to advance arguments or theories that could and should have been made before the district court rendered a judgment.") (internal quotation marks omitted).

Mr. Otrompke's motion doesn't clearly identify the alleged errors of fact or law which he believes justify reconsideration. Reading his pro se motion liberally, the court identifies three possible claims of factual errors in the court's order. None of the supposed factual problems Mr. Otrompke identifies are in fact errors at all, much less manifest ones.

First, Mr. Otrompke complains that the court made a factual error by incorrectly assuming that Indiana bar applicants can sit for the bar exam before passing character and fitness review. The court's ruling didn't rely on any such assumption. By pointing out that Mr. Otrompke hasn't passed the Indiana bar exam, the court merely noted one of the many hurdles to licensure that Mr. Otrompke would have to face beyond the character and fitness inquiry. The court thereby highlighted the speculative, premature nature of this suit. (*See* Dkt. No. 20, at 6) (noting that because Mr. Otrompke hasn't "alleged that he meets the application requirements beyond the character and fitness section, the court has no reason to believe that he will or will not fulfill the many requirements that must be met to be admitted to practice law in the state of Indiana."). That one particular hurdle can only be cleared *after* character and fitness review is complete doesn't change the fact that the character and fitness review is just one of many prerequisites to practice law in Indiana, only one of which (graduation from a law school) Mr. Otrompke can claim to have satisfied.

Second, Mr. Otrompke seems to suggest that because he sought discovery relating to his claims, dismissal was premature. Specifically, Mr. Otrompke

sought discovery to prove that Mr. Brown was denied admission to the Indiana Bar for religious reasons and "to establish the constitutional 'yardstick with which to measure the licensor's occasional speech-related decision.'" The court dismissed the complaint for lack of standing, and Mr. Otrompke's motion doesn't specify how any of the discovery he sought could have rendered his claims any less fatally hypothetical. The only facts on which the court based its dismissal of Mr. Otrompke's complaint were those that Mr. Otrompke himself alleged – specifically, that he has never applied for admission to the Indiana bar.

Lastly, Mr. Otrompke argues that the court misconstrued the nature of the religious discrimination with respect to Mr. Brown, stating that because he had sought discovery related to Mr. Brown "the court must assume such discrimination took place." The court's dismissal of Mr. Otrompke's claims was not premised on an assumption that Mr. Brown hadn't suffered discrimination. Rather, the court held that *even if* discrimination resulted in the denial of Mr. Brown's bar application, Mr. Otrompke has no standing to assert Mr. Brown's legal rights on the latter's behalf.

Mr. Otrompke also seems to rely on two alleged legal errors in the court's analysis. He first makes the argument that the court "misconstrued the nature of jus tertii standing" by incorrectly believing that he sought to litigate on behalf of Mr. Brown rather than on behalf of all "other speakers and bar applicants who the court may not be aware of." Mr. Otrompke doesn't elaborate on this claim and doesn't explain what the error actually was or how it undermines the court's

conclusion. Moreover, he hasn't offered any reason why he would be more likely to have standing to assert the rights of other nameless bar applicants than the rights of Mr. Brown specifically. Finally, Mr. Otrompke expresses concern that the court may have interpreted his request that Rule 12 be struck down as an all-or-nothing proposition, rather than considering possible partial relief such as giving the defendants some period of time to draft constitutionally valid rules. Because the court found Mr. Otrompke lacked standing to bring this suit based on the hypothetical nature of any injury to him, there was no need to determine the precise contours of the remedy he was seeking.

For the reasons above, Mr. Otrompke has not identified any manifest errors of law or fact necessitating reconsideration of the court's July 21, 2015 order. Mr. Otrompke's motion to reconsider (Doc. No. 22) is therefore DENIED.

SO ORDERED.

ENTERED: November 4, 2015

/s/ Robert L. Miller, Jr.
Judge
United States District Court